IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOHN B. KUGLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 08-151-E-EJL-CWD |
| | ) | |
| vs. | ) | MEMORANDUM DECISION AND |
| | ) | ORDER REGARDING ATTORNEY FEES |
| ROBERT W. BOHUS, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

**I.**
**INTRODUCTION**

This matter is before the Court on Defendant Robert W. Bohus, M.D.'s ("Dr. Bohus")

Motion for Attorney Fees and Costs, filed on June 19, 2009. (Docket No. 20.) Dr. Bohus seeks

$15,594.00 in attorney fees and $18.83 in discretionary costs.[1] Plaintiff John Kugler ("Mr.

Kugler") opposes entry of an order awarding Dr. Bohus his attorney fees and costs on the

grounds that he voluntarily dismissed this matter because, as a pro se litigant, he was unaware of

the complicated nature of this medical malpractice action, and that the fees requested are not

reasonable. (Docket No. 23.) Mr. Kugler also asserts that the form of dismissal entered by the

Court was not what he submitted.

---

[1] Dr. Bohus also filed a Bill of Costs, presented to the Clerk, seeking the same $18.83 as non-discretionary costs. (Docket No. 21.)

**MEMORANDUM DECISION AND ORDER - 1**

For the reasons below, the Court will deny Dr. Bohus's request for attorney fees, and withdraw its order of dismissal.[2]

## II.
## FACTS AND PROCEDURAL BACKGROUND

Mr. Kugler, proceeding *pro se*, filed his Complaint on March 31, 2008, alleging damages on the basis of medical malpractice under Idaho state law. (Docket No. 1.) Jurisdiction was proper in this Court based on diversity of citizenship. (Docket No. 1.) Dr. Bohus filed an answer on August 7, 2008, denying the allegations in the Complaint. The Court held a scheduling conference on September 4, 2008. (Docket No. 8.) The parties proceeded with discovery and participated in an unsuccessful judicially supervised settlement conference before Magistrate Judge Larry M. Boyle on May 21, 2009. (Docket No. 17.) Shortly thereafter, on June 10, 2009, Mr. Kugler filed a Motion to Dismiss and Stipulation (Docket No. 18) pursuant to "Fed. R. Civ. P. 41(a)(1)(ii)," [sic] requesting voluntary dismissal of the claims against Dr. Bohus. District Judge Edward J. Lodge entered an Order of Dismissal on June 10, 2009, dismissing Mr. Kugler's claim with prejudice. (Docket No. 19.) Dr. Bohus's motion for attorney fees subsequently was filed on June 19, 2009.

Dr. Bohus seeks $15,594.00 in attorney fees pursuant to Fed. R. Civ. P. 54(d) as the prevailing party. Attorney Leslie S. Brown certified that the costs and fees were correct and necessarily incurred. (*Id.* at 4; Aff. of Brown, Docket No. 20-4.)

---

[2] The Court deems this matter appropriate for submission without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

**MEMORANDUM DECISION AND ORDER - 2**

In response to Dr. Bohus's motion, Mr. Kugler filed an affidavit opposing the motion on the grounds that the fees requested were unreasonable.  Although the grounds for opposition were not stated expressly, Mr. Kugler asserted that he "takes exception" to counsels' itemized claim for hours expended, thereby suggesting the fees requested were unreasonable.  This inference appears supported by Mr. Kugler's characterization of the settlement conference, at which he claims Defendant "did not intend to even discuss resolution."  (Aff. of Kugler at 2, Docket No. 23.)  Mr. Kugler explained that he believed he had a "good and viable claim" against Dr. Bohus, but as he proceeded *pro se*, he realized he did not understand the nuances of Idaho law governing medical malpractice claims.  (Aff. at 2, Docket No. 23.)  Mr. Kugler therefore chose to voluntarily dismiss his case.

According to Dr. Bohus, the cause of Mr. Kugler's decision to dismiss was the deficiency of his expert witness submissions pursuant to Fed. R. Civ. P. 26 and Dist. Idaho Loc. Civ. R. 26.2.  (Reply at 2, Docket No. 24.)  Dr. Bohus argues that Mr. Kugler's pro se status should not provide an excuse for denying Dr. Bohus attorney fees as the prevailing party, because Dr. Bohus was required to defend himself against Mr. Kugler's allegations.  (Reply at 3, Docket No. 24.)

## III.
## ANALYSIS

A.    **Order of Dismissal.**

Mr. Kugler first contends that he received the Court's dismissal order, "which was in a different form than what [he] had forwarded for submission to the Court."  (Aff. of Kugler at 2,

**MEMORANDUM DECISION AND ORDER - 3**

Docket No. 23.)[3]  The Court will treat Mr. Kugler's assertion as a motion under Fed. R. Civ. P. 60(b)(1).[4]

Mr. Kugler requested voluntary dismissal of his claim against Dr. Bohus pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii),[5] which states that a plaintiff "may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."[6] Mr. Kugler titled his pleading "Motion to Dismiss and Stipulation," and it was signed by him and defense counsel, the only two parties to this action.  While Mr. Kugler gave his pleading both the title of "motion" and "stipulation," he obtained defense counsel's signature, and the pleading stated that defendant "*stipulates* with plaintiff that he may dismiss" this action. (emphasis added).  Despite the misnomer in the caption, the Court considers Mr. Kugler's pleading a stipulation, because he expressly obtained defense counsel's signature and stipulation to dismiss, as well as referenced Rule 41(a)(1)(A)(ii).

There are two consequences to submitting a stipulation versus filing a motion.  First, a stipulation submitted under Rule 41(a)(1)(A)(ii) is effective automatically and does not require judicial approval.  *First Nat'l Bank of Toms River, N.J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3rd. Cir. 1969).  Second, according to Rule 41(a)(1)(B), the effect of a stipulation submitted

---

[3] For purposes of this decision, it is not necessary to discuss what form Mr. Kugler actually submitted, because the legal analysis does not depend upon Mr. Kugler's submission.

[4] Rule 60(b)(1) permits the court to relieve a party from a final judgment or order on the grounds of mistake, inadvertence, surprise, or excusable neglect.

[5] In his pleading, Mr. Kugler cited the rule as "Rule 41(a)(1)(ii)," an obvious typographical error, since subsection (ii) is contained within Rule 41(a)(1)(A).

[6] Rule 41(a)(1)(A) also provides that it is subject to Rules 23(e), 23.1(c), 23.2, and 66, none of which are applicable here because the matter was not a class action nor was a receiver appointed.

**MEMORANDUM DECISION AND ORDER - 4**

under Rule 41(a)(1)(A)(ii) is a "dismissal without prejudice," unless the notice or stipulation states otherwise.  Thus, unless the pleading expressly stated the stipulation to dismiss was *with* prejudice, the failure to mention it would mean the dismissal was *without* prejudice.  *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934 (11th Cir. 1987); *Cornell v. Chase Brass & Copper Co.*, 48 F.Supp. 979, 981 (D.C.N.Y. 1943) ("A notice or a stipulation of dismissal which is silent on the question of prejudice is made to operate without prejudice.").

In contrast to a stipulation filed under Rule 41(a)(1), a motion to dismiss filed under Rule 41(a)(2) is not treated the same as either a "notice of dismissal," filed before an answer is served, or a "stipulation of dismissal," signed by all parties who have appeared.  *See Leif's Auto Collision Ctr., LLC v. Am. Family Ins. Group., Inc.*, No. CV06-1485-PK, 2007 WL 2156373 at *1-2 (D. Or. July 26, 2007) (explaining the different treatment of a notice or stipulation versus a motion under Rules 41(a)(1) and (2)).  A motion to dismiss requires a court order before the case may be dismissed.  Fed. R. Civ. P. 41(a)(2).  And, the Court in its discretion may consider any objections to dismissal as well as impose conditions of dismissal.  Fed. R. Civ. P. 41(a)(2).

Given the above rules, the Court's mistake is readily apparent.  First, the Court entered an order of dismissal.  Thus, it is apparent the Court treated Mr. Kugler's pleading as a motion under Rule 41(a)(2), because Rule 41(a)(1) does not require a court order to effect a dismissal. The Court had no cause, however, to consider Mr. Kugler's pleading under Rule 41(a)(2). Unless there is an obvious procedural defect in either a notice or a stipulation, the Court may not

**MEMORANDUM DECISION AND ORDER - 5**

treat a stipulation under Rule 41(a)(1) as a motion under Rule 41(a)(2).[7]  No such defect is apparent here.

Second, the Court's order dismissed the action "with prejudice."[8]  However, Mr. Kugler's stipulation was silent on the question of prejudice.  According to Rule 41(a)(1)(B), a stipulation that is silent on the issue of dismissal with or without prejudice has the effect of a dismissal without prejudice.  The Court's order was therefore entered contrary to Rule 41(a)(1)(B).

Under the lenient treatment afforded pro se litigants when they make an obvious procedural mistake,[9] and although Mr. Kugler titled his pleading in part as a "motion," the Court should have treated Mr. Kugler's pleading as a stipulation under Rule 41(a)(1)(A)(ii), the rule

---

[7]  For example, a defective notice of dismissal filed after an answer, or a stipulation that does not include the consent of all defendants filed pursuant to Rule 41(a)(1)(A)(i) or (ii), respectively, can be considered as a motion under Rule 41(a)(2).  *See Leif's Auto Collision Ctrs., LLC*, 2007 WL 2156373 at *2 (considering the plaintiff's notice of dismissal as a motion under Rule 41(a)(2) because no stipulation had been signed, and the defendant submitted an answer).

[8]  The order of dismissal the Court entered states:

> The Motion of Plaintiff for voluntary dismissal of his claim (Dkt. No. 18) together with the Stipulation of consent on behalf of the Defendant . . . . It is hereby ordered, adjudged and decreed, that Plaintiff's claim be and the same is hereby dismissed with prejudice.

(Docket No. 19.)

[9]  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1332 (9th Cir. 1986).  In *Wilborn*, the court noted that it was obligated to tell a pro se plaintiff that he had omitted an obvious defendant and allow leave to join the individual to the suit.  Although the court explained it was not to act as an advocate for a litigant, when a pro se litigant alleges a cause of action which omits an obvious defendant, the court should advise amendment of the pleadings.  *Wilborn*, 789 F.2d at 1332.  The Court interprets *Wilborn* to require it to give pro se litigants the benefit of the doubt when it comes to labeling pleadings.  *See also Woolery v. Arave*, 8 F.3d 1325, 1329 n.2 (9th Cir. 1993) (noting the rule that "*pro se* litigants are not held to the standards of technical proficiency that are imposed upon members of the bar.")

**MEMORANDUM DECISION AND ORDER - 6**

Mr. Kugler specified and the subject of defense counsel's stipulation.  Rule 41(a)(1)(A)(ii),

together with Rule 41(a)(1)(B), resulted in a stipulation of dismissal that was automatic, and in

this case, *without* prejudice.  The Court will therefore withdraw its Order of Dismissal.

**B.      Costs and Attorney Fees.**

Costs other than attorney fees "should be allowed" to the prevailing party.  Fed. R. Civ.

P. 54(d)(1).  Taxable costs are submitted by filing a cost bill pursuant to Dist. Idaho Loc. Civ. R.

54.1.  "A claim for attorney's fees and related nontaxable expenses must be made by motion."

Fed. R. Civ. P. 54(d)(2)(A).  Pursuant to Dist. Idaho Loc. Civ. R. 54.2, "[c]laims for attorney

fees will not be treated as routine items of costs.  Attorney fees will only be allowed upon an

order of the judge of the Court after such fact-finding process as the judge orders."  Dist. Idaho

Loc. Civ. R. 54.2(a).

A federal court sitting in diversity applies the law of the forum state regarding an award

of attorney fees.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

Idaho state law does not mandate but provides for an award of attorney fees to the prevailing

party in a tort action alleging medical malpractice under certain circumstances.  Idaho Code §

12-121; Idaho R. Civ. P. 54(e)(2); *Roe v. Albertson's, Inc.*, 112 P.3d 812, 819 (Idaho 2005)

(declining to award attorney fees to the defendant under Idaho Code § 12-121 because it was not

the prevailing party on appeal); *Sheridan v. St. Luke's Reg'l Med. Ctr.*, 25 P.3d 88, 99 (Idaho

2001) (declining to award attorney fees to defendant under Idaho Code § 12-121 because it was

not the prevailing party).[10]  Costs are also allowed to the prevailing party.  Idaho R. Civ. P.

---

[10]  Idaho Code § 12-121 provides that "[i]n any civil action, the judge may award reasonable
attorney's fees to the prevailing party or parties. . . ."  But, Idaho R. Civ. P. 54(e)(1) limits an award of
attorney fees under Idaho Code § 12-121 to those cases where the court "finds, from the facts presented to

**MEMORANDUM DECISION AND ORDER - 7**

54(d)(1)(A) (costs as a matter of right); Idaho R. Civ. P. 54(d)(1)(D) (discretionary costs allowed

upon a showing that the costs "were necessary and exceptional costs reasonably incurred . . . .").

"Mere dismissal of a claim without a trial does not necessarily mean that the party

against whom the claim was made is a prevailing party for the purpose of awarding costs and

fees." *Chenery v. Agri-Lines Corp.*, 682 P.2d 640, 645 (Idaho Ct. App. 1984). In determining

the prevailing party, the court "shall in its sound discretion consider the final judgment or result

of the action in relation to the relief sought by the respective parties." Idaho R. Civ. P.

54(d)(1)(B); Idaho R. Civ. P. 54(e)(2) (referring back to Rule 54(d)(1)(B) for determining the

prevailing party when deciding entitlement to attorney fees); *Action Collection Serv., Inc. v.*

*Haught*, 193 P.3d 460, 465 (Idaho Ct. App. 2008). Generally, there is no prevailing party unless

the merits of the lawsuit have been decided and there is a final judgment. *Straub v. Smith*, 175

P.3d 754, 761 (Idaho 2007) (Jones, J., Horton, J., Eismann, J., concurring). When an action is

dismissed "with prejudice," there is an adjudication on the merits of the plaintiff's claim, and the

right to bring or maintain an action on the same claim or cause is extinguished. *Straub*, 175 P.3d

at 762; *Scott v. Agric. Prods. Corp., Inc.*, 627 P.2d 326, 330 (Idaho 1981). The dismissal of the

action with prejudice is a "precondition to the . . . right to recover court costs and attorney fees."

*Straub*, 175 P.3d at 762.

---

it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation . . . ."
Idaho R. Civ. P. 54(e)(1) provides, however, that "[i]n any civil action the court may award attorney fees .
. . to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or
contract." In both *Roe* and *Sheridan*, the court did not consider whether the case was brought
unreasonably or frivolously, and simply declined to award fees under Idaho Code § 12-121 because the
defendants did not prevail.

**MEMORANDUM DECISION AND ORDER - 8**

The distinction between a dismissal with or without prejudice is crucial in this case.  In *Straub*, the plaintiff's attorney had presented a stipulation of dismissal "with prejudice" to defendant, but the stipulation was silent as to an award of costs and attorney fees.  The court held that the agreement did not contain any provision with regard to attorney fees, and therefore the defendant did not waive its right to assert entitlement to attorney fees and costs as the prevailing party.  *Straub*, 175 P.3d at 758.[11]  The court therefore reversed the entry of the lower court's order that had dismissed the case and had ordered each party to bear their own costs and fees, and remanded the matter to the lower court for consideration of an award of fees and costs. *Straub*, 175, P.3d at 760.  *See also Daisy Mfg. Co., Inc. v. Paintball Sports, Inc.*, 999 P.3d 914, 917 (Idaho Ct. App. 2000) (explaining that a dismissal with prejudice of all claims based upon the parties' stipulation is "the most favorable outcome" and justified a conclusion that the defendant prevailed).

In contrast, in *Puckett v. Verska*, 158 P.3d 937, 946 (Idaho 2007), the dismissal was without prejudice.  The defendant argued that the district court erred when it declined to award costs and fees to him after the plaintiff voluntarily dismissed one of her claims and the first trial was declared a mistrial.  The district court denied costs and attorney fees because no final judgment was entered after the first trial and the plaintiff's claim was dismissed without prejudice, leaving her free to pursue it.  *Puckett*, 158 P.3d at 941, 946.  The Idaho Supreme Court upheld the district court's determination.  *Id.* at 946.  *See also Rohr v. Rohr*, 800 P.3d 94, 99

---

[11]  In *Straub*, the concurring justices also commented that "[e]very attorney worth his or her salt knows that if you want to dismiss your complaint just before trial and do not want your client to be liable for the defendant's court costs and attorney fees, you had better seek a stipulation stating that each party will bear their own costs and attorney fees."  *Straub*, 175 P.3d at 762.

**MEMORANDUM DECISION AND ORDER - 9**

(Idaho Ct. App. 1989) (upholding denial of defendant's request for attorney fees when plaintiff had voluntarily dismissed the action and the resulting order was without prejudice).

In this case, the stipulation of dismissal both parties signed was silent on the issue of attorney fees.  Rule 41(a)(1) operated to dismiss the action without prejudice.[12]  No final judgment was entered, and there was no final adjudication of the claims asserted against Dr. Bohus.  Dr. Bohus has not asserted any facts to indicate Mr. Kugler's claim was brought frivolously and without foundation.[13]  Assuming there are no other legal barriers preventing pursuit of his claim, Mr. Kugler may pursue a subsequent action involving the same claim against Dr. Bohus.  Accordingly, the Court concludes that Dr. Bohus did not prevail, and the Court will deny his request for attorney fees and costs.[14]

## C.    Bill of Costs.

Dr. Bohus also submitted a bill of costs.  (Docket No. 21.)  In it, he seeks $18.83 for "copies of papers and exhibits."  Pursuant to Fed. R. Civ. P. 54(d), costs other than attorney fees should be allowed to the prevailing party.  Within fourteen days after entry of a judgment, under which costs may be claimed, the prevailing party must serve and file a cost bill in the form prescribed by the Court.  Dist. Idaho Loc. Civ. R. 54.1(a).  A Judgment is defined as any order from which an appeal lies.  Fed. R. Civ. P. 54(a); Dist. Idaho Loc. Civ. R.  54.1(b).  The Clerk of

---

[12]  Idaho R. Civ. P. 41(a)(1) and (a)(2) are almost identical to the corresponding federal rule. *Kawai Farms, Inc. v. Longstreet*, 826 P.2d 1322, 1325 (Idaho 1992).

[13]  "The district court should evaluate whether 'all claims brought or all defenses asserted are frivolous or without foundation' before awarding attorney fees under Idaho Code § 12-121."  *Puckett v. Verska*, 158 P.3d 937, 946 (Idaho 2007).

[14]  Because of the Court's determination that Dr. Bohus was not a prevailing party, it does not reach the issue of reasonableness of the claimed attorney fees.

**MEMORANDUM DECISION AND ORDER - 10**

the Court is granted authority to tax the costs claimed.  Dist. Idaho Loc. Civ. R. 54.1(a).

However, in this case, the Court directs the Clerk that it may not tax the costs claimed because,

pursuant to the foregoing discussion, Dr. Bohus is not a prevailing party, and no "judgment" was

ever entered.

**IV.**
**CONCLUSION**

Based upon the foregoing, the Court finds that Mr. Kugler's assertion that the order of

dismissal was in a different form than what he had forwarded for submission to the Court should

be considered a motion under Fed. R. Civ. P. 60(b)(1).  The Court concludes that it entered the

Order of dismissal in error contrary to Fed. R. Civ. P. 41(a)(1)(A)(ii), and that dismissal was

consequently without prejudice under Fed. R. Civ. P. 41(a)(1)(B).  Accordingly, Dr. Bohus's

request for fees under Idaho state law will be denied, as he cannot be considered the prevailing

party under the facts of this case.  The Clerk of the Court is also directed not to tax costs for the

reasons stated herein.

**MEMORANDUM DECISION AND ORDER - 11**

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY ORDERED that:**

1.          The Court's Order of Dismissal (Docket No. 19) is hereby

**WITHDRAWN**.  This matter is deemed dismissed without prejudice pursuant to Fed. R. Civ. P.

41(a)(1)(B).

2.          Defendant's Motion for Attorney Fees and Costs (Docket No. 20) is

hereby **DENIED**.

DATED: September 15, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**